IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02607-GPG-KAS

JOHN T. FROST,

    Plaintiff,

v.

MEDICINE MAN TECHNOLOGIES, INC. d/b/a SCHWAZZE,
JUSTIN DYE,
DANIEL R. PABON,
DANIEL BONACH,
CETAN WANBLI WILLIAMS,
BRIAN RUDEN,
SALIM HUSAN WAHDAN,
BASSEL HUSAN WAHDAN,
KYLE KREUGER,
FORREST HOFFMASTER,
NIRUP KRISHNAMURTHY,
SCHWAZZE COLORADO LLC,
SBUD LLC,
TWO J'S d/b/a THE BIG TOMATO, and
STAR BUDS LOUISVILLE, LLC,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [#6] (the "Motion"). Defendants have filed a Response [#7] in opposition to the Motion [#6], and Plaintiff, who is proceeding as a pro se litigant,[1] has filed a Reply [#11].

---

[1] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.

The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the undersigned respectfully **RECOMMENDS**[2] that the Motion [#6] be **DENIED**.

## I. Background

This matter arises from Plaintiff's employment at Defendant Star Buds Louisville, a recreational marijuana store located in Louisville, Colorado. *Proposed Am. Compl.* [#6-2], ¶ 3. The individual and corporate Defendants are an array of related entities, employees, managing members, and members. *Id.*, ¶¶ 4-18. Defendant Bassel Husan Wahden, whom Plaintiff refers to as Bob, ("Bob") formerly owned Defendant Star Buds Louisville, and immediately became Store Manager upon its acquisition by Defendant Medicine Man Technologies ("MMT"). *Id.* at ¶ 5. Defendant MMT supplies marijuana products to Star Buds Louisville and acquired Star Buds Louisville. *Id.* at ¶¶ 4, 5. Defendant Star Buds Louisville's members are the same corporate officers and directors as MMT. *Id.* at ¶¶ 4, 6. Defendants Cetan Wanbli Williams ("Williams") and Justin Dye ("Dye") are employed at Defendant MMT headquarters, and Defendant Kyle Kreuger ("Kreuger") is employed as an assistant store manager by Defendant MMT at Star Buds Louisville. *Id.* at ¶¶ 7, 8, 14. Defendant Daniel R. Pabon ("Pabon") is Defendant MMT's Chief Policy and Regulatory Affairs Officer. *Id.* at ¶ 9. Defendant Daniel Bonach

---

1994).

[2] This matter has been referred to the undersigned. *See Order Referring Case* [#17]. Because "an order denying leave to add claims against new parties is 'dispositive' with respect to those potential claims and parties," a recommendation rather than an order is appropriate. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002) (citing *Covington v. Kid*, No. 94 Civ. 4234(WHP), 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999)).

("Bonach") is Vice President, Human Resources at Defendant MMT. *Id*. at ¶ 10. Defendant Two J's d/b/a The Big Tomato n/k/a Big Tomato Superstore! ("Big Tomato") is wholly owned by Defendant MMT. *Id*. at ¶ 11. Defendant Forrest Hoffmaster ("Hoffmaster") is Defendant MMT's Chief Financial Officer of MMT. *Id*. at ¶ 12. Defendant Nirup Krishnamurthy ("Krishnamurthy") is Defendant MMT's Chief Executive Officer. *Id*. at ¶ 13. Defendants Schwazze Colorado LLC ("Schwazze") and SBUD LLC ("SBUD") have the same members and managing members as Defendant MMT. *Id*. at ¶¶ 15, 16. Defendants Brian Ruden ("Ruden") and Salim Husan Wahdan ("S. Wahden") formerly owned Defendant Star Buds Louisville and became members of Defendant MMT's executive team upon MMT's acquisition of Star Buds Louisville. *Id*. at ¶¶ 17, 18.

Plaintiff has worked as a "Budtender" from July 2021 to the present, which involves "assisting customers in the selection of cannabis products" as well as "packing products and restocking inventory." *Id.*, ¶¶ 26, 34. Customers commonly leave tips, and Defendants permit staff to accept tips, which are distributed through a mandatory tip pool system. *Id.*, ¶ 38. Plaintiff alleges that, because tips are distributed based on total hours worked, and because supervisors work more hours, the supervisors receive a larger portion of tips than the budtenders, who perform the customer-facing work. *Id.*, ¶ 45. Plaintiff also alleges that Defendants have been stealing cash tips left by customers and that they have been using the tip money to purchase meals for all employees, including supervisors. *Id.*, ¶¶ 46-47. Plaintiff further alleges that he has requested, multiple times, an accurate copy of his payroll records and other employment records, but that Defendants have refused to provide those records. *Id.*, ¶ 63. He also alleges that

3

Defendants would use petty cash in the cash registers daily, and when the numbers did not match, that they would use cash from the tip bag to balance the numbers. *Id.*, ¶¶ 79-81. Plaintiff alleges that Defendant Bob instructs managers and employees to take cash from the tips to balance the cash registers as part of Star Buds Louisville's standard closing procedure, and that Defendant Bob often takes cash from the business's safe and spends it at casinos at Black Hawk. *Id.*, ¶¶ 5, 82, 88, 96-97.

Plaintiff alleges that he reported these illegal practices to Defendant Kreuger and other managers, as well as Defendant MMT, but that his efforts to confer and reconcile with Defendants have been rebuffed. *Id.*, ¶¶ 103-104. Plaintiff alleges that, after he brought these practices to Defendant Kreuger's attention, Defendant Bob became aggressive, harassed Plaintiff, and made fun of Plaintiff's physical appearance in front of other employees. *Id.*, ¶¶ 109, 111. Plaintiff alleges that Defendant Bob also harassed other budtenders for raising concerns about Defendant Bob's harassment, verbal assaults, and unfair employment practices, and that purported human resources personnel did not respond. *Id.*, ¶¶ 112-115, 117-18. Plaintiff also alleges that Defendant would use Plaintiff's veteran status and PTSD diagnosis "as a customer relation asset," disclosing Plaintiff's medical condition to customers. *Id.*, ¶ 131.

Plaintiff also alleges that the Star Buds Louisville store sustained smoke and soot damage in the Marshall Fire, but that Defendant Bob rushed to reopen the store, apparently without remediating any smoke or fire damage. *Id.*, ¶ 158. Plaintiff alleges that he has respiratory sensitivities and became ill when he resumed working at the store after the fire, and that Defendant Bob refused to provide any proof or documentation that the

store had been cleaned. *Id.*, ¶¶ 159-60.

Plaintiff alleges that Louisville Police officers repeatedly went to Star Buds Louisville "to investigate the claims raised by [Plaintiff]" but that employees were coerced and pressured into going along with Defendants', particularly Defendant Bob's, narrative when they were interviewed. *Id.*, ¶¶ 183-84, 191.

Plaintiff's operative Complaint [#4] alleges seven claims: wage theft based on stealing of cash tips; harassment; discriminatory and/or unfair employment practices; unjust enrichment; menacing; criminal extortion; and intimidation of a witness and obstruction of justice. *Id.*, ¶¶ 48-203.

In the Motion [#6], Plaintiff seeks leave to file an amended complaint which adds a new claim: "COUNT VIII: 21 U.S. CODE §§ 841(a), 960(a) [sic]". *Id.*, ¶¶ 204-29. In this claim, Plaintiff alleges that Defendants are engaged in various acts which are unlawful under the federal Controlled Substances Act (as marijuana is a controlled substance). *Id.*, ¶¶ 205-24. He also alleges that Defendants have violated 18 U.S.C. § 371 by refusing to provide Plaintiff a W-2 and allegedly submitting fraudulent income tax documents to state and federal agencies. *Id.*, ¶¶ 225-26. Finally, he alleges that Defendants have violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") through their operation of a business engaged in the manufacture, distribution, and dispensation of a controlled substance. *Id.*, ¶¶ 227-29. He asks the Court to "find that all Defendants are guilty of the state and federal criminal statutes as identified in Count VIII contained in this Complaint." *Id.* at 56[3] ("Prayer for Relief"). Because Defendants identify the addition of

---

[3] This page number citation refers to the Proposed Amended Complaint's page numbering, not the numbering used by the Court's CM/ECF docketing system.

Count VIII as the only material change to the Complaint, and they focus their argument on those new allegations, the Court likewise focuses its analysis on Count VIII. *See Response* [#7] at 1.

## II. Legal Standard

### A. Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* This is consistent with the purpose of Rule 15 which is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). Whether to grant or deny leave to amend a complaint is within a court's discretion. *Foman*, 371 U.S. at 182. Refusing leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In its discretion, a court may refuse to allow an amendment that would be futile. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013); *Castleglen, Inc. v. Resol. Trust Corp.*, 984 F.2d 1571, 1584-85 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice*, 709 F.3d at 1018 (internal quotation and citation omitted). To determine whether a

proposed amendment would be futile, "the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001)).

**B.     Rule 12(b)(6)**

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

**C.     Expediency**

The Court acknowledges that many courts prefer not to consider futility of amendment and would rather examine such arguments in the context of a subsequent motion to dismiss. *See, e.g.*, *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008). In this case, however, the Court finds efficiency warrants consideration of futility in connection with the current motion rather than awaiting a second round of motions practice. *See, e.g.*, *FidoTV Channel, Inc. v. Inspirational Network, Inc.*, No. 18-cv-02295-CMA-NYW, 2019 WL 4043940, at *4 (D. Colo. Apr. 29, 2019) (considering futility of amendment in the interest of efficiency); *Est. of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2016 WL 11184883, at *13-*14 (D. Colo. Oct. 26, 2016) (recommending denial of leave to amend as to three John Doe parties and two named parties on the basis of futility).

### III. Analysis

**A.     Conferral**

Defendants argue that Plaintiff failed to confer with them prior to filing the Motion [#6]. *Response* [#7] at 2. Plaintiff admits that "Defendant's argument that [he] failed to confer with Defendants pursuant to D.C.[COLO.LCivR] 7.1 regarding [his] Motion is accurate." *Reply* [#11] at 2. Plaintiff explains that he "had no expectation of any response from Defendants or Defendants' counsel" and that Defendants "willfully chose to remove to federal court without any email notification to [him]." *Id.*[4]

---

[4] Defendants, however, did not have to ask Plaintiff or obtain his consent before removing to federal court. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

Under D.C.COLO.LCivR 7.1(a), counsel *and unrepresented parties* must "confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter" *before filing a motion*. Plaintiff's lack of legal training does not justify his failure to follow local rules. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Should Plaintiff fail to meaningfully confer before filing future motions, the Court may summarily deny those motions without prejudice. *See, e.g.*, *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (denying motion to compel for failure to meaningfully confer). In the interest of expediency and thorough review, this time, the Court will proceed to consider the merits of Plaintiff's Motion [#6].

**B.    Timing**

Plaintiff asserts, in Reply [#11], that he "is entitled to amend his Complaint, at least once, as a matter of course." *Reply* [#11] at 2. Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once, as a matter of course, "no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, Defendants were served on September 15 and 17, 2023. *See generally Executed Summonses* [#1-5]. Thus, Plaintiff had until Monday, October 9, 2024, to amend his complaint as a matter of course.[5] Plaintiff filed the instant Motion [#6] on October 11, 2024, so amendment as a matter of course was

---

of the United States[.]").

[5]  Because 21 days after September 17, 2023, was a Sunday, October 8, 2023, the deadline rolled over to the next day. *See* Fed. R. Civ. P. 6(a)(1)(C).

9

no longer available. Plaintiff could only amend his pleading with Defendants' consent or with leave of court. *See* Fed. R. Civ. P. 15(a)(2).

**C.     Controlled Substances Act**

The only substantive amendment in Plaintiff's Proposed Amended Complaint [#6-2] is the addition of Count VIII, a claim for violation of 21 U.S.C. §§ 841(a) and 960(a) (and other provisions of the federal Controlled Substances Act, 21 U.S.C. §§ 840, et seq.). *See Proposed Am. Compl.* [#6-2], ¶¶ 204-25. Plaintiff also accuses Defendants of violating 18 U.S.C. § 371, and racketeering statutes 18 U.S.C. §§ 1952(a) and 1961-68. *Id.*, ¶¶ 226-29. Defendants argue that amendment "should be denied principally because it is futile" in that the cited statutes do not create any private right of action and therefore Count VIII fails to state a plausible claim for relief. *Response* [#7] at 3-4. Plaintiff has no cogent response—he asserts that "Magistrates preside over both civil and criminal cases" and that he "is able to include further facts in [his] proposed First Amended Complaint to prove [he] has a right to recover against Defendants." *Reply* [#11] at 5, 6-7.[6] The Court agrees with Defendants.

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)). Instead, "private rights of action to enforce federal law must

---

[6] To the extent that Plaintiff asks this Court to "find that all Defendants are guilty of the state and federal criminal statutes as identified in Count VIII contained in this Complaint", that relief is simply not available. *See, e.g.*, *Begay v. Mandelski*, No. 21-cv-1100 WJ-KBM, 2022 WL 2209567, at *2 (D.N.M. June 21, 2022) (rejecting Plaintiff's efforts "to file criminal charges against [d]efendant" because "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting *Diamond v. Charles*, 476 U.S. 54, 64 (1986)).

10

be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The court's role is "to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.*

In the context of the federal Controlled Substances Act ("CSA"), 21 U.S.C. § 801, et seq., this is not a close question: "federal courts have uniformly held that the CSA does not create a private right of action." *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016) (citing *Safe Streets All. v. Alt. Holistic Healing, LLC*, No. 1:15-cv-00349-REB-CBS, 2016 WL 223815 (D. Colo. Jan. 19, 2016); *Shmatko v. Ariz. CVS Stores LLC*, No. 14-cv-01076, 2014 WL 3809092, at *2 (D. Ariz. Aug. 1, 2014)). This is because "there is nothing in the CSA which expressly permits private enforcement of the Act's provisions"—in fact, "the CSA implicitly precludes private enforcement" because "enforcement of the Act is expressly delegated to the Attorney General of the United States, with criminal liability being the principal enforcement mechanism." *Smith*, 164 F. Supp. at 1292 (citing *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 328 (2015); 21 U.S.C. §§ 841-51, 877; *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 293 (3rd Cir. 2010)).

The same holds true for Plaintiff's allegation that Defendants have violated 18 U.S.C. § 371. *Proposed Am. Compl.* [#6-2], ¶¶ 225-26; *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (finding that 18 U.S.C. § 371 was one of several "criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action") (citations omitted). Because neither the CSA nor 18 U.S.C. § 371 contemplate private causes of action, amendment to allege those claims should be

**denied** as futile.

**D.     RICO Violations**

Plaintiff briefly invokes 18 U.S.C. §§ 1952(a) and 1961-68, federal RICO statutes. *Proposed Am. Compl.* [#6-2], ¶¶ 227-29. A civil RICO claim has a "requisite element of causation"—it not only requires "a showing that the defendant's violation . . . was a 'but for' cause of his injury'" but it "likewise requires the plaintiff to establish proximate cause in order to show injury 'by reason of' a RICO violation." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 653-54 (2008) (quoting *Holmes v. Secs. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)); *see also Sensoria, LLC v. Kaweske*, 581 F. Supp. 3d 1243, 1267 (D. Colo. 2022) (holding that to state a civil RICO claim, "[n]ot only must the injury be cognizable, but there must be a causal relationship between it and the RICO violations") (citation omitted).

Here, Plaintiff does not plead that he was injured "by reason of" any alleged RICO violations by Defendants—he simply accuses the Defendants of generally violating federal law through their participation in the marijuana industry. *See Proposed Am. Compl.* [#6-2], ¶¶ 227 (reciting the text of 18 U.S.C. § 1952(a)), 228 (alleging that Defendants engage in conduct prohibited by federal law daily), 229 (alleging that Defendants promote their federally unlawful sale of marijuana on their website). By Plaintiff's own admission, this is the very same federally unlawful industry in which *he participated*. *Id.*, ¶¶ 26, 34 (alleging that Plaintiff "has been employed by Defendants at Star Buds Louisville as Budtender from July 2021, continuing through the present," which involves "assisting customers in the selection of cannabis products" and "packing

products and restocking inventory"). Plaintiff fails to connect Defendants' participation *in the marijuana industry* to any harm he has suffered.

Because Plaintiff fails to allege any causal relationship between Defendants' alleged RICO violations and his injury, Claim VIII fails to plausibly state a RICO claim. *Sensoria*, 581 F. Supp. 3d at 1267. Accordingly, his proposed amendment should be **denied** as futile, to the extent it attempts to plead RICO violations.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion for Leave to Amend Complaint [#6] be **DENIED** on the basis of futility.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and

recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: July 12, 2024                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge