IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02607-GPG-TPO

JOHN T. FROST,

    Plaintiff,

v.

MEDICINE MAN TECHNOLOGIES, INC. D/B/A SCHWAZZE;
JUSTIN DYE; DANIEL R. PABON; DANIEL BONACH;
CETAN WANBLI WILLIAMS; BRIAN RUDEN; SALIM
HUSAN WAHDAN; BASSEL HUSAN WAHDAN; KYLE
KREUGER; FORREST HOFFMASTER; NIRUP
KRISHNAMURTHY; SCHWAZZE COLORADO LLC; SBUD
LLC; TWO J'S D/B/A THE BIG TOMATO; STAR BUDS
LOUISVILLE, LLC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8:54 am, Apr 07, 2025
JEFFREY P. COLWELL, CLERK

## PLAINTIFF'S MOTION FOR DEFAULT

### CONFERRAL CERTIFICATION

John T. Frost, Plaintiff, *Pro se*, certifies that on or about March 17, 2025, counsel for Medicine Man Technologies, Inc. D/B/A Schwazze, Bassel Husan Wahdan and Star Buds Louisville, LLC, advised Plaintiff during the call "My clients are choosing to not participate in this litigation."

### PLAINTIFF'S MOTION FOR DEFAULT

John T. Frost, Plaintiff, *Pro se*, pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, makes his Motion /Application for Default against Medicine Man Technologies, Inc. D/B/A/ Schwazze, Bassel Husan Wahdan and Star Buds Louisville, LLC, Defendants, and as grounds state:

1

1) This case was raised by Defendants from District Court, Boulder County, to Federal Court October 6, 2023.

2) Defendants are not are not minors or incompetent persons and have appeared before this Court by representative counsel.

2) Pursuant to: Docket 70, REPORT AND RECOMMENDATION By Magistrate Judge Timothy P. O'Hara on 02/25/2025. The Court respectfully RECOMMENDS the following: For **Claim One under the FLSA and CWCA, Defendants' Partial Motion to Dismiss [ECF 33 ] should be GRANTED in part, DENIED in part.** Plaintiff's claim as brought against Defendants Justin Dye, Daniel R. Pabon, Daniel Bonach, Cetan Wanbli Williams, Brian Ruden, Salim Husan Wahdan, Kyle Kreuger, Forrest Hoffmaster, Nirup Krishnamurthy, Schwazze, SBUD, and Two J's d/b/a The Big Tomato should be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. **The Motion should be DENIED as it relates to Defendants Medicine Man Technologies, Inc., Bassel Husan Wahdan, and Star Buds Louisville, LLC;** For Claim Three, Defendants' Motion should be GRANTED as to all Defendants, and Plaintiff's CADA claims should be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; For Claim Four, Defendants' Motion should be GRANTED as to all Defendants, and Plaintiff's unjust enrichment claims should be DISMISSED WITH PREJUDICE. For Claims Two, Five, and Six, Defendants' Motion should be GRANTED and Plaintiff's claims for Harassment in violation of C.R.S. § 18-9-111(1)(e), Menacing under C.R.S. § 18-3-206, and Criminal Extortion under C.R.S. § 18-3-207 should be DISMISSED WITH PREJUDICE. For Claim Seven's criminal statute claims (not including COCCA), Defendants' Motion should be GRANTED and Plaintiff's claims for Intimidation of a Witness under C.R.S. § 18-8-704, Tampering with a Witness under C.R.S. §

18-8-707, and Obstruction of Justice under C.R.S. § 18-8-102 should be DISMISSED WITH PREJUDICE under Rule 12(b)(6); For Claim Seven's COCCA claim, Defendants' Motion should be GRANTED as it relates to all Defendants, and Plaintiff's COCCA claim should be DISMISSED WITHOUT PREJUDICE under Rule 12(b)(6). (ggill, ) (Entered: 02/25/2025).

3) March 11, 2025, Plaintiff and Counsel for Defendants engaged in a lengthy conference call discussing outstanding items. Attached please find Plaintiff's Exhibit #1, correspondence identifying agenda and substance of phone call between parties.

4) March 17, 2025, Counsel for Defendants advised Plaintiff that his clients have advised that they will not participate in any settlement discussions, refuse to produce anything further and that they are refusing to participate in this litigation.

5) Pursuant to: Docket 75, March 19, 2025, ORDER AFFIRMING and ADOPTING 70 Recommendation of United States Magistrate Judge O'Hara. Defendants Partial Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (Motion) 33 is Granted In-Part and Denied In-Part. SO ORDERED by District Judge Gordon P Gallagher on 3/19/2025.(sphil, ) (Entered: 03/19/2025)

6) More than fourteen (14) days have passed since District Judge Gordon P. Gallagher entered his Order on Defendants Partial Motion to Dismiss.

7) Time has expired for an Answer to Count One of the Complaint to be filed from **Defendants Medicine Man Technologies, Inc. D/B/A SCHWAZZE, Bassel Husan Wahdan, and Star Buds Louisville, LLC.**

8) Plaintiff, pursuant to Rule 55(b)(2), moves this Court for Default against **Defendants Medicine Man Technologies, Inc. D/B/A SCHWAZZE, Bassel Husan Wahdan, and Star Buds Louisville, LLC**, for failure to timely Answer Count One to the Complaint.

3

9) Plaintiff seeks to include this Motion to the items before this Court at the May 5, 2025 status conference. As Defendants are represented by counsel, this Motion provides more than seven (7) days notice of the status conference scheduled May 5, 2025.

WHEREFORE, Plaintiff prays this Court will enter Default against **Defendants Medicine Man Technologies, Inc. D/B/A SCHWAZZE, Bassel Husan Wahdan, and Star Buds Louisville, LLC**, for failure to timely Answer Count One to the Complaint, inclusion of this Motion on the agenda before this Court on May 5, 2025, and any further relief this Court deems just and proper.

Dated this 4th day of April, 2025.

/s/ John T. Frost, *Pro Se*
9485 West 104th Court
Westminster, CO 80021
(720) 827-8977
frozenpines22@icloud.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2025, I served **PLAINTIFF'S MOTION FOR DEFAULT** to Defendants via email through their attorneys of record:

Laurie J. Rust
Nicholas Hankins
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
E-mail: lrust@littler.com
E-mail: nhankins@littler.com
Attorneys for Defendants

/s/ John T. Frost, *Pro Se*

4