**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*1:51 pm, Mar 02, 2026*
**JEFFREY P. COLWELL, CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02607-GPG-TPO

JOHN T. FROST,

     Plaintiff,

v.

MEDICINE MAN TECHNOLOGIES, INC. D/B/A SCHWAZZE;
JUSTIN DYE; DANIEL R. PABON; DANIEL BONACH;
CETAN WANBLI WILLIAMS; BRIAN RUDEN; SALIM
HUSAN WAHDAN; BASSEL HUSAN WAHDAN; KYLE
KREUGER; FORREST HOFFMASTER; NIRUP
KRISHNAMURTHY; SCHWAZZE COLORADO LLC; SBUD
LLC; TWO J'S D/B/A THE BIG TOMATO; STAR BUDS
LOUISVILLE, LLC,

     Defendants.

---

**PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND
RECOMMENDATION [ECF 145] PURSUANT TO FED. R. CIV. P. 72(a)**

---

     JOHN T. FROST, PLAINTIFF, *Pro se*, pursuant to Fed. R. Civ. P. 72(a), files his

Objection to Magistrate's Report and Recommendation dated February 2, 2026 [ECF 145]

addressing the denial of Plaintiff's Motion for Leave to File Second Amended Complaint.

Plaintiff requests a *de novo* review of the facts supporting this Objection, and asks this Court to

carefully review, evaluate and reconsider Magistrate Judge O'Hara's ("O'Hara") Report and

Recommendation ("R & R") dated February 2, 2026 [ECF 145]. O'Hara relied upon errors and

omissions put in place on July 10, 2024, at Magistrate Judge Starnella's Status Conference.

These errors and omissions were relied upon for decision-making purposes by O'Hara when this

matter was reassigned to him on October 15, 2024. The extraordinary error committed on July

10, 2024, was not discovered until January, 2026. Plaintiff brings his Objections to O'Hara's

1

R & R [ECF 145] timely pursuant to Fed. R. Civ. P. 72(a), and pursuant to this Court's Order

[148]. Plaintiff advises this Court that newly discovered information in January, 2026, created

the extraordinary circumstances that exist for reconsideration of [ECF 24, 25] under Fed. R. Civ.

P. 60(b)(1), (2) and (3). Plaintiff is filing a separate Motion to address [ECF 24, 25] as this is

newly discovered / learned information will enable this Court to repair and redeem the mistakes,

errors and omissions and extraordinary and material changes made by Magistrate Judge Starnella

on July 10, 2024. On July 10, 2024, Magistrate Starnella was misled by Defendants, and the

results of this intentional deceit have been relied upon by O'Hara on February 2, 2026 [ECF

145]. The opportunity to correct, repair and redeem the simple mistake that derailed the direction

of this case has arrived, and will be fully achieved by working backwards in the interest of

justice.

"[A] party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review." *United States v. 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely Objections may bar *de novo* review by this Court of the Magistrate Judge's

Recommendation and may result in a waiver of the right to appeal from a judgment of this Court

based on the Recommendation of the Magistrate Judge. See *Vega v. Suthers*, 195 F.3d 573,

579–80 (10th Cir. 1999).

### [ECF 145] RELEVANT BACKGROUND

The procedural history of this case, initiated in 2023, provides important context.

Pg. 2 of 9, Footnote 2 at Relevant Background. "This Court presumes familiarity with the factual

background and notes that a more detailed factual summary is contained in its earlier Report and

Recommendation at ECF 70." Pg. 2 of 9, second sentence. **"A scheduling order was entered on**

**July 10, 2024, which set a July 26, 2024, deadline for joinder of parties and amendment of**

**pleadings. ECF 25 at 9.”**

**1.      ACTIONABLE ERROR:** O'Hara relied upon “A scheduling order that was entered on

July 10, 2024, which set a July 26, **2024**, deadline for joinder of parties and amendment of

pleadings. ECF 25 at 9” to enforce a deadline for joinder of parties and amendment of pleadings

on February 2, 2026 [ECF 145].

**1.A.      ACTIONABLE ERROR ANALYSIS: This case is an employment case with adverse**

**actions.** Magistrate Judge Starnella committed an error by entering a Scheduling Order on July

10, 2024, over 9 months **before** this case became “At-Issue.” This Scheduling Order was

procedurally premature. Further, creating extreme prejudice against Plaintiff, the Scheduling

Order **fails to paper a unilateral decision to remove** Judge Gallagher’s Initial Discovery

Protocols in Employment Cases with Adverse Actions. **The deadline for joinder of parties and**

**amendment of pleadings had passed nine (9) months before this case was** *“At-Issue.”*

When seeking leave to amend the complaint after the scheduling order’s deadline, good

cause must first be shown. *Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass’n*, 771 F.3d 1230,

1241 (10th Cir. 2014); Fed. R. Civ. P. 16(b)(4). Under Rule 16, good cause is generally a

question of diligence, demonstrating that “the scheduling deadlines cannot be met despite the

movant’s efforts.” Id. at 1240. (citation modified). **It was impossible for Plaintiff to meet the**

**July 26, 2024 deadline because this case was not “At-Issue" until April 10, 2025.**

The deadline expired 9 months before this case was At-Issue. The impossibility to meet this

deadline when the case became At-Issue affirmatively satisfies any adequate explanation for any

delay. “Rule 16(b)(4) is arguably more stringent than Rule 15,” *Zisumbo v. Ogden Reg’l Med.*

*Ctr.,* 801 F.3d 1185, 1195 (10th Cir. 2015), requiring the movant to assert “**an adequate**

**explanation for any delay.**" *Husky Ventures, Inc. v. B55 Investments, Ltd.,* 911 F.2d 1000, 1020

(10th Cir. 2018) (citations and quotations omitted).

**2.**       **ACTIONABLE ERROR:** New information obtained through discovery may support

good cause, but amendment may be properly denied "[**i]f the plaintiff knew of the underlying**

**conduct but simply failed to raise [the new] claims.**" Id. (citations omitted).

**2.A.**       **ACTIONABLE ERROR ANALYSIS:** Here, O'Hara committed an error when

assuming information that is not substantiated by any facts or evidence. O'Hara **assumes** Plaintiff

was aware of the Investigative Report back in September, 2022, when "Plaintiff was notified of

their investigative findings" [ECF 145, second paragraph in LEGAL ANALYSIS section.]

Defendants did not provide a copy of this report to Plaintiff in September, 2022, or at any time

until discovery cut-off deadline date, December 31, 2024.

Defendants intentionally and with malice withheld the production of the Investigative

Report until December 31, 2024, Discovery Cut-off. Plaintiff was not afforded an opportunity to

depose any persons relevant to this report, or address any written discovery to persons relevant to

this report. Plaintiff has been prejudiced by the malicious acts of Defendants withholding this

relevant investigative report and Plaintiff's employment records.

Also, O'Hara commits an error when stating "the report concludes . . .," and then includes

this report in his justification for denial of Plaintiff's Motion for Leave to Amend Second

Amended Complaint. **THIS IS A MAJOR ERROR.**

"*Id*. at 6. In sum, this document details Plaintiff's reports to Schwazze's HR personnel

and their efforts to address the complaints."  First, the Court notes that the

information contained within the subject report was largely known to Plaintiff before

he filed his original Complaint. The report details an investigation about workplace

<mark>conduct that Plaintiff participated in, received a summary of, and which was generally referenced in the Complaint.</mark> ECF 4 ¶¶ 103-104. Second, to the extent that Plaintiff believes that the timing of the document's disclosure merits amendment, Plaintiff still fails to explain why he failed to meet the deadline for leave to amend. The Court's inquiry is focused on Plaintiff's diligence to meet the relevant deadline. See *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). . . .  Third, the report only pertains to Defendant B. Wahden, and Plaintiff has offered no explanation for delaying seeking leave to amend his claims against the dismissed Defendants or Defendants MMT and Star Buds Louisville, LLC.  Finally, even accepting Plaintiff's point that the information in the report was newly discovered information, Plaintiff concedes that the report was received on December 31, 2024, about seven months before Plaintiff filed this motion. ECF 96-1 ¶ 289. <mark>In the meantime, discovery proceeded and is now closed. ECF 91."</mark>

**The simple and obvious explanation for why Plaintiff errored when not meeting the deadline for amendment of pleadings is that the deadline to amend date was July 24, 2024. Defendants' Answer was not filed until April 10, 2025, the At-Issue date.**

Defendants denied the existence of this report, and any report, each and every time they were asked about any reports by EEOC, CCRD and Plaintiff in 2022 and 2023. Plaintiff had no reason to pursue production of this report as Plaintiff was unaware of the existence of Defendants' Investigative Report. Determining the number of times Defendants committed perjury by denying the existence of this non-privileged Investigative Report dated September 2022, from September 2022 through December 30, 2024, is a very high number. EEOC and

5

CCRD are unaware of the existence of this report even though a request to produce "any reports" was asked for verbally and in writing from two separate agency investigators in 2023.

**3.**    **ACTIONABLE ERROR:** O'Hara committed an error when stating "In the meantime, discovery proceeded and is now closed. ECF 91"

**3.A.**    **ACTIONABLE ERROR ANALYSIS:** O'Hara provides the appearance that discovery has continued up until this Report and Recommendation. Defendants' withheld a critical report directly relevant to Plaintiff's employment until the evening of December 31, 2024. Plaintiff learned of this report's existence as an attachment to an email from counsel for Defendants that also failed to identify the report in the body of the email.

O'Hara's utilization of Defendants' "Investigative Report" to defend his justifications in his Report and Recommendation assumes many facts that are not in evidence and have never been substantiated by Defendants or Plaintiff. And, this Report and Recommendation demonstrates the ongoing bias in favor of Defendants committed by O'Hara. This Investigative Report is not gospel. This Investigative Report is a fictional document that does not, as O'Hara believes, "*Id*. at 6. In sum, this document details Plaintiff's reports to Schwazze's HR personnel and their efforts to address the complaints." O'Hara is completely in error by using this report for validation of his denial of Plaintiff's motion.

This Investigative Report is a non-privileged report. Defendants' intentional withholding of this report directly related to Plaintiff is a sanctionable action. Defendants have not disclosed any videos from their surveillance of the adverse actions against Plaintiff and this is a sanctionable action. O'Hara has greatly prejudiced Plaintiff by refusing to allow Plaintiff to conduct discovery to any Defendants, written or oral, regarding this report that was not disclosed until the evening of discovery cut-off. Defendants made a calculated decision to withhold this

report. O'Hara has not questioned Defendants' integrity once regarding Defendants' deficiencies, half-truths, omissions and non-responses in discovery and disclosures. O'Hara has shut down Plaintiff when Plaintiff is attempting to address any delays orally at each court appearance. O'Hara has stricken Plaintiff's pleadings identifying deficiencies and delays committed by Defendants throughout the course of disclosure and discovery, or declared Plaintiff's motions moot. Defendants were properly served in 2023, and Defendants did not file an Answer until April 10, 2025. Plaintiff was procedurally unable to effectively file his Motion for Leave to File Second Amended Complaint by the July 26, 2024 deadline.

This case has been procedurally out of order since the July 10, 2024 Scheduling Conference before Magistrate Judge Starnella.

**4.** **ACTIONABLE ERROR:** Plaintiff's FAC would be dismissed as futile.

**4.A.** **ACTIONABLE ERROR ANALYSIS:** O'Hara has committed an error regarding Plaintiff's Proposed Second Amended Complaint. O'Hara continuously refers to Plaintiff's FAC, which is not the topic or subject of the Motion at issue. Plaintiff's Proposed <u>Second</u> Amended Complaint was completely taken out of context by O'Hara when he reduced Plaintiff's valid Proposed Second Amended Complaint to paragraph and page quantities and described as unintelligible. Each allegation contained in Plaintiff's Proposed Second Amended Complaint cures the deficiencies described in Plaintiff FAC, identifies each Colorado statute that Defendants violated, describes the actions taken by Defendants to violate each Colorado statute, the harm inflicted to Plaintiff by Defendants and the relief sought by Plaintiff as a result of Defendants actions (wage-theft, retaliation, harassment, threats, intimidation, intentional deceit, etc.)

7

**5.     ACTIONABLE ERROR:** O'Hara is factually and procedurally wrong with his statement. "Because the underlying conduct and facts were known to Plaintiff before the original deadline set to amend the pleadings, Plaintiff has not met Rule 16's good cause standard. See *Gorsuch*, 771 F.3d at 1240 (citations omitted)."

**5.A.    ACTIONABLE ERROR ANALYSIS:** O'Hara has committed an error by assuming Plaintiff was aware of this report and "**the underlying conduct and facts were known to Plaintiff before the original deadline set to amend the pleadings, Plaintiff has not met Rule 16's good cause standard." is O'Hara assuming facts not in evidence. The investigative report describing conduct by Defendants was not disclosed until December 31, 2024. The deadline date set to amend pleadings was July 26, 2024, six months *prior* to Plaintiff learning about the existence of this report and receiving a copy of this report.**

**6.     ACTIONABLE ERROR:** O'Hara committed an error when claiming Plaintiff's Proposed Second Amended Complaint would not survive Rule 8(a)(2), which requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

**6.A.    ACTIONABLE ERROR ANALYSIS:** Each allegation contained in Plaintiff's Proposed Second Amended Complaint cures the deficiencies described in Plaintiff's FAC, includes a "short and plain statement of the claim showing that the pleader is entitled to relief;" identifies each Colorado statute that Defendants violated, describes the actions taken by Defendants to violate each Colorado statute, the harm inflicted to Plaintiff by Defendants and the relief sought by Plaintiff for the harm caused as a result of Defendants' actions. The SAC is a matter for a jury to decide and for parties to attempt to stipulate to and resolve any allegations contained therein.

Page constraints for this Objection prevent Plaintiff from itemizing further Actionable Errors in O'Hara's Report and Recommendation [ECF 145].

WHEREFORE, Plaintiff prays this Court will consider the facts and information contained in Plaintiff's Objection to Magistrate's Report and Recommendation [ECF 145] Pursuant to Fed. R. Civ. P. 72(a), and:

1.      Take into consideration each ACTIONABLE ERROR and each ACTIONABLE ERROR ANALYSIS and set-aside [ECF 145] as a matter of justice;

2.      Grant Plaintiff's Motion for Leave to File Second Amended Complaint;

3.      Accept Plaintiff's proposed Second Amended Complaint as the operative complaint in an employment case with adverse events;

4.      Upon acceptance of Plaintiff's proposed Second Amended Complaint, reinstate Judge Gallagher's Initial Discovery Protocols in Employment Cases Involving Adverse Events; and

5.      Any and all further relief this Court is not barred from awarding to Plaintiff for the extraordinary circumstances that give rise to this Objection, and any further relief this Court deems just and proper.

Dated this 2nd day of March, 2026.

Respectfully submitted,

 */s/ John T. Frost*_____
JOHN T. FROST, Plaintiff, *Pro Se*
9485 West 104th Court
Westminster, CO 80021
(720) 827-8977
E-mail: frozenpines22@icloud.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2d, 2026, a true and correct copy of PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION [ECF 145]

PURSUANT TO FED. R. CIV. P. 72(a), has been furnished via email to: Laurie Rust and

Nicholas Hankins, LITTLER MENDELSON, P.C., 1900 SMS Sixteenth Street, Suite 800,

Denver, Colorado 80202.  Email: lrust@littler.com; nhankins@littler.com, *Attorneys for*

*Defendants*

*/s/ JOHN T. FROST*
